**In re Thomas L. MARTIN and Deborah J. Scalera–Martin, Debtors.**

**Kenneth G. Bricker; Ellen Bricker; Pamela J. Meier; Joseph J. Meier; Adeline J. Huffman; Richard F. Monning; and Linda B. Monning, Plaintiffs,**

**v.**

**Thomas L. Martin, Defendant.**

**Bankruptcy No. 02–29981–MBM.**

**Adversary No. 02–2667–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 2, 2004.

Francis C. Sichko, Washington, PA, for Debtors.

Gary L. Smith, Pittsburg, PA, trustee.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **2nd day** of **September, 2004,** upon consideration of (a) the motion by the instant plaintiffs (hereafter "Plaintiffs") for clarification and/or modification of the Court's Memorandum and Order of Court dated August 19, 2004, that was entered in the instant adversary proceeding (hereafter "the August 19, 2004 Order"), which motion (hereafter "the Motion to Clarify and/or Modify") Plaintiffs bring (i) because they are supposedly unclear whether, by virtue of the August 19, 2004 Order, they are henceforth precluded from further pursuing in state court their claims against Thomas Martin, one of the above-captioned debtors and the instant defendant (hereafter "the Debtor"), for breach of contract (state court complaint Counts 1—49) and conversion (state court complaint Counts 101—150), and (ii) out of a professed concern that, if they are not henceforth permitted to reference and pursue such breach of contract claims, then they will be prejudiced, that is they will encounter difficulty, in their pursuit in state court of their claim against the Debtor for violation of 70 P.S. § 1–201 (sale of an unregistered security), which claim is the lone claim for which Plaintiffs have been granted stay relief to pursue in state

court, and (b) the relief that Plaintiffs seek via the Motion to Clarify and/or Modify, that is that the Court clarify and/or amend the August 19, 2004 Order such that Plaintiffs are granted stay relief (i.e., are authorized) to also pursue at this time their breach of contract and conversion claims against the Debtor in state court,

it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

(a) Plaintiffs shall not receive stay relief to pursue, and also are henceforth precluded from further pursuing, in state court their claims against the Debtor for breach of contract (state court complaint Counts 1–49) and conversion (state court complaint Counts 101–150), and

(b) the Motion to Clarify and/or Modify presently brought by Plaintiffs is **DENIED WITH PREJUDICE.**

The rationale for the Court's decision is briefly set forth below.

■ Plaintiffs seek to except from the Debtor's Chapter 7 discharge, pursuant to § 523(a)(2)(A), (a)(4), and/or (a)(19), all of their unliquidated claims that are contained in their state court complaint Counts 1–151. The Court ruled on August 19, 2004, that none of Plaintiffs' unliquidated claims, that is none of Plaintiffs' state court complaint Counts 1—151, are excepted from the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), or (a)(19)(A)(ii). *See* August 19, 2004 Order, at ¶¶ 2–5. Consequently, such unliquidated claims, if they can be excepted from such discharge, can only so be excepted pursuant to § 523(a)(19)(A)(i). However, only claims for violations of securities laws may be excepted from discharge pursuant to § 523(a)(19)(A)(i). *See* 11 U.S.C.A. § 523(a)(19)(A)(i) (West 2004). Therefore, Plaintiffs' unliquidated claims other than those for violation of securities laws have necessarily been determined by

the Court, pursuant to the August 19, 2004 Order, to not be excepted from the Debtor's Chapter 7 discharge. Such claims, consequently, will be discharged by virtue of the entry of the Debtor's Chapter 7 discharge.

Of course, Plaintiffs' garden-variety breach of contract and conversion claims, that is Plaintiffs' state court complaint Counts 1—49 and 101—150, are not claims for violation of securities laws, and notwithstanding, as Plaintiffs now contend, that the allegations contained in such counts are specifically premised on or are directly linked to (a) Plaintiffs having entered into investment contracts with the Debtor, and (b) the sale of unregistered securities by the Debtor. Therefore, such breach of contract and conversion claims, that is Plaintiffs' state court complaint Counts 1—49 and 101—150, have necessarily been determined by the Court, pursuant to the August 19, 2004 Order, to not be excepted from the Debtor's Chapter 7 discharge. Such claims, consequently, will be discharged via entry of the Debtor's Chapter 7 discharge.

Of course, since Plaintiffs' breach of contract and conversion claims, that is Plaintiffs' state court complaint Counts 1—49 and 101—150, will be discharged via entry of the Debtor's Chapter 7 discharge, it would be futile for (a) Plaintiffs to further pursue the Debtor on such unliquidated claims at this time, and (b) the Court to grant stay relief to Plaintiffs so that they could so further pursue such claims. Accordingly, the Court, in the August 19, 2004 Order, purposely refrained from granting to Plaintiffs stay relief such that they could then further pursue the Debtor on their breach of contract and conversion claims. So as to now make abundantly clear what were the Court's intentions on August 19, 2004, the Court now rules explicitly, and for the reasons just set forth,

that Plaintiffs shall not receive stay relief to pursue, and also are henceforth precluded from further pursuing, in state court their claims against the Debtor for breach of contract (state court complaint Counts 1–49) and conversion (state court complaint Counts 101–150).

As an aside, the Court also ruled on August 19, 2004, that Plaintiffs shall henceforth be precluded from excepting from the Debtor's discharge via § 523(a)(19)(A)(i) any sort of judgment for the violation of securities laws that is, in any fashion, predicated upon a showing of fraud or deceit by the Debtor vis-a-vis Plaintiffs. *See* August 19, 2004 Order, at ¶ 7. Such ruling, in turn, prompted the Court to rule at the same time—and for reasons of futility similar in nature to those that apply to Plaintiffs' pursuit at this time of their breach of contract and conversion claims—that Plaintiffs shall henceforth refrain from pursuing the Debtor on any claim for a violation of the fraud-based statutory provisions set forth at 70 P.S. §§ 1–401 to 410, which statutory provisions constitute securities laws. *See Id.* As a consequence of the foregoing, and because the lone claim of Plaintiffs for violation of securities laws that does not sound in fraud is Plaintiffs' claim for violation of 70 P.S. § 1–201 (sale of an unregistered security), the Court, on August 19, 2004, granted limited stay relief to Plaintiffs for the sole purpose of allowing them to pursue their claim under 70 P.S. § 1–201 (i.e., Plaintiffs' state court complaint Count 50). *See Id.* Plaintiffs' future pursuit of the Debtor in state court subsequent to such grant of stay relief is thus necessarily confined to such claim under 70 P.S. § 1–201.

■ As for Plaintiffs' concern that, if they are not henceforth permitted to reference and pursue their breach of contract claims, then they will be prejudiced in their pursuit in state court of their claim against the Debtor for violation of 70 P.S. § 1–201 (sale of an unregistered security), the Court notes that, while it has barred Plaintiffs from henceforth pursuing such claims, it has not barred Plaintiffs from otherwise referring to such claims in the future. Furthermore, the Court finds to be ridiculous the assertion by Plaintiffs that they will be hindered in pursuing their claim under 70 P.S. § 1–201 if they are not permitted to also pursue henceforth their breach of contract claims given that a claim under 70 P.S. § 1–201 is entirely independent of, that is it does not depend in any way for its success upon having also prevailed on, a breach of contract claim.

Finally, the Court would be remiss if it did not comment upon paragraph 10 of the Motion to Clarify and/or Modify. Plaintiffs aver therein that they "do not contend that a money judgment obtained solely on a breach of contract or conversion claim would result in nondischargeability pursuant to 11 U.S.C. § 523(a)." If, by such averment, Plaintiffs mean to contend that the entirety of a money judgment would be nondischargeable if such judgment were rendered not only upon Plaintiffs' breach of contract and conversion claims but also upon Plaintiffs' claim under 70 P.S. § 1–201, then Plaintiffs are mistaken—the portion of such judgment rendered in respect of Plaintiffs' breach of contract and conversion claims would not be excepted from discharge even if Plaintiffs were to ultimately recover as well upon their claim under 70 P.S. § 1–201. If, by such averment, Plaintiffs mean to imply that, were they to receive a judgment based only upon their breach of contract and/or conversion claims, then the nondischargeability of such judgment could once again be litigated in this Court, perhaps with Plaintiffs pursuing such nondischargeability the

next time under one of the paragraphs of § 523(a) other than paragraphs (2)(A), (4), or (19), then Plaintiffs are likewise mistaken—such future relitigation of the nondischargeability of Plaintiffs' breach of contract and conversion claims, even under another paragraph of § 523(a), is, at a bare minimum, henceforth barred by way of an application of the legal doctrine of law of the case.

**IN SUMMARY,** (a) Plaintiffs shall not receive stay relief to pursue, and also are henceforth precluded from further pursuing, in state court their claims against the Debtor for breach of contract (state court complaint Counts 1—49) and conversion (state court complaint Counts 101—150), and (b) the Motion to Clarify and/or Modify presently brought by Plaintiffs is **DENIED WITH PREJUDICE.**